ALVA R. BRYANT, Respondent, *v.* NEW YORK RAILWAYS
COMPANY, Appellant.

First Department, December 5, 1919.

Railroad — negligence — complaint construed to allege gross negli-
gence solely — charge that contributory negligence was not a
defense.

A complaint in an action to recover damages for injuries received by the
plaintiff by being knocked over by defendant's trolley car and rolled
along for one hundred feet before the car was stopped, which alleges that
the injuries were sustained solely " by reason of the fault, carelessness,
recklessness and negligence of the said defendant * * * and the
dangerous, improper, negligent and reckless manner in which said car was
managed * * * and further by reason of the carelessness, * * *
of the motorman of said car in failing to bring his car to a stop within
a reasonable distance after striking said plaintiff," but which does not con-
tain any allegation of assault or of any willful or wanton act, is purely a
complaint alleging both the negligence and the gross negligence of the
defendant, because recklessness can mean no more than gross negligence.
And it was error for the court to charge that the " second phase of the
accident or of this complaint is this, the reckless, wanton and unlawful
act of the motorman of that car in rolling him along the street for a distance
of a hundred feet before he brought that car to a dead stop," and that
contributory negligence is never a defense to an action for damages as
the result of a willful, reckless and wanton act of another.

APPEAL by the defendant, New York Railways Company,
from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of New
York on the 14th day of March, 1919, upon the verdict of a
jury for $5,000, and also from an order entered in said clerk's
office on the 17th day of March, 1919, denying defendant's
motion for a new trial made upon the minutes as resettled by
an order entered on the 15th day of April, 1919.

*A. H. Cole* of counsel [*James L. Quackenbush,* attorney],
for the appellant.

*Otto D. Parker* of counsel [*H. O. Smith* with him on the brief],
for the respondent.

SMITH, J.:

The plaintiff was injured by one of the defendant's trolley
cars on Broadway in New York city. There was evidence

by one witness in behalf of the plaintiff that after the plaintiff was knocked over, he was rolled along by the defendant's car for about one hundred feet. Under these circumstances the trial judge in charging the jury said: " Now I say to you, gentlemen of the jury, that there are two phases to this issue, so far as this plaintiff's complaint is concerned; one is the negligence of the defendant in failing to have its car under control, as a result of which this plaintiff was struck, and upon that theory the plaintiff is obligated to show that the accident was due solely as a result of negligence upon the part of that motorman; that he himself contributed by no act of negligence to the happening of that accident. But the second phase of the accident or of this complaint is this, the reckless, wanton and unlawful act of the motorman of that car in rolling him along the street for a distance of a hundred feet before he brought that car to a dead stop. And let me say to you that in the eyes of the law contributory negligence is never a defense to an action for damages as the result of a wilful, reckless and wanton act of the other party."

By reference to the complaint it there appears to be charged " That said injuries were sustained or brought about without any fault, carelessness or negligence on the part of the plaintiff but solely by reason of the fault, carelessness, recklessness and negligence of the said defendant, its agents, servants and employees, and the dangerous, improper, negligent and reckless manner in which the said car was managed, operated, propelled and controlled at said time and place and further by reason of the carelessness, negligence and recklessness of the motorman of said car in failing to bring his car to a stop within a reasonable distance after striking said plaintiff." This complaint makes no charge of assault or of any willful or wanton act, but is purely a complaint alleging both the negligence and the gross negligence of the defendant, because recklessness can mean no more than gross negligence. The action, therefore, is purely an action for negligence and the contributory negligence of the plaintiff in such a case is always a defense to the action. We think, therefore, that the court erred in its charge to the jury, that in any phase of this case the plaintiff was entitled

First Department, December, 1919.        [Vol. 189.

to recover without showing his freedom from contributory negligence.   An exception was duly taken to this charge.

The judgment is also challenged upon other grounds which it is unnecessary to consider in view of our conclusion that for this error the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.